J-S41002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL SEAN JONES, | |
| Appellant | No. 2561 EDA 2015 |

Appeal from the PCRA Order Entered August 10, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000885-2010

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED JUNE 22, 2016**

Appellant, Paul Sean Jones, appeals *pro se* from the post-conviction court's August 10, 2015 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts of Appellant's conviction are unnecessary to our disposition of his appeal.  We only briefly note that Appellant, along with a cohort, murdered Maurice Williams in June of 1998.  Appellant was charged with various offenses and ultimately pled guilty to third-degree murder.  On December 6, 2011, he received a sentence of 20 to 40 years' imprisonment. He did not file a direct appeal.

---

[*] Former Justice specially assigned to the Superior Court.

Appellant did, however, file a timely, *pro se* PCRA petition and counsel was appointed. After conducting a hearing on Appellant's petition, the PCRA court denied it. Appellant timely appealed, and this Court affirmed. **Commonwealth v. Jones**, 116 A.3d 681 (Pa. Super. 2014) (unpublished memorandum).

On June 29, 2015, Appellant filed a second, *pro se* PCRA petition, which underlies the present appeal. Therein, he argued that his sentence was excessive and illegal, and also that his trial counsel and initial PCRA counsel were ineffective in representing him. On June 30, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Therein, the court directed that Appellant had 20 days within which to respond.

On August 6, 2015, Appellant filed an untimely response to the court's Rule 907 notice, raising various new claims, including the assertions presented herein (discussed *infra*). On August 10, 2015, the PCRA court issued an order denying Appellant's petition. Appellant filed a timely notice of appeal. The court did not direct him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but the court did issue a Rule 1925(a) opinion on October 1, 2015. On appeal, Appellant presents one issue for our review:

> Whether the PCRA Court erred, and abused its discretion in its ruling when it denied Appellants [*sic*] PCRA Petition based on timeliness without conducting a full and fair evidentiary hearing where there is no time bar for a Brady/Giglio violation or actual innocence and where a challenge [to] jurisdiction can be brought

- 2 -

at any time regardless of timeliness[,] thus denying [Appellant] Equal Protection and Due Process of law under the 1st, 4th, 5th, 6th, and 14th Amendments.

Appellant's Brief at 5.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in January of 2012, making his petition filed in June of 2015 patently untimely. Consequently, for this Court to have jurisdiction to review the merits of Appellant's claims, he must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant alleges in his brief that he meets the newly discovered fact exception of section 9545(b)(1)(ii), as well as the governmental interference exception of section 9545(b)(1)(i), based on the Commonwealth's purportedly withholding "favorable information…." Appellant's Brief at 8. Specifically, Appellant argues that the Commonwealth withheld the fact that his arrest warrant was defective because it was "not properly authorized by the appropriate issuing authority." *Id.* Appellant avers that he discovered this 'new evidence' on June 16, 2015, when the "law library worker at [the State Correctional Institution at] Coal Township" informed him that his arrest warrant was flawed in this regard. *Id.*

Initially, the Commonwealth argues, and we agree, that Appellant waived these claims for our review. We have examined Appellant's *pro se*

- 4 -

petition, as well as his "Legal Memorandum in Support of PCRA Petition," and it is clear that Appellant only argued that his plea counsel was ineffective for not challenging the allegedly defective arrest warrant. **See** Legal Memorandum in Support of PCRA Petition, 6/29/15, at 9 (unnumbered). Appellant did not argue that his discovery of the defect in the arrest warrant satisfied section 9545(b)(1)(ii), or that the Commonwealth's purportedly withholding this 'evidence' met the exception of section 9545(b)(1)(i). Instead, Appellant first raised these claims in response to the PCRA court's Rule 907 notice. Not only was that response untimely filed, but Appellant also did not ask the court to consider his response as an amendment to his petition, and the court did not explicitly grant Appellant leave to amend. As our Supreme Court recently noted:

> The Rules of Criminal Procedure contemplate that amendments to pending PCRA petitions are to be "freely allowed to achieve substantial justice," Pa.R.Crim.P. 905(A), but Rule 905 amendments are not "self-authorizing" such that a petitioner may simply "amend" a pending petition with a supplemental pleading. **See Commonwealth v. Porter**, 613 Pa. 510, 523–24, 35 A.3d 4, 12 (2012). "Rather, the Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court." **Id.,** 613 Pa. at 524, 35 A.3d at 12.

**Commonwealth v. Mason**, 130 A.3d 601, 621 (Pa. 2015).

Because Appellant did not raise the claims he presents herein in his initial petition, he did not seek leave to amend that petition, and he only asserted these claims in an untimely-filed response to the court's Rule 907 notice, we agree with the Commonwealth that he has waived these arguments for our review. **See** Pa.R.A.P. 302(a) ("Issues not raised in the

lower court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Lambert*, 797 A.2d 232, 240-42 (Pa. 2001) (citing Rule 302(a) in concluding that claims not raised in a PCRA petition are waived for appellate review).

In any event, even if preserved, we would conclude that Appellant's arguments would not satisfy either of the exceptions set forth in section 9545(b)(1)(i) or (ii). Appellant does not claim that his arrest warrant was unavailable to him; instead, he seems to contend that the fact that the warrant was *defective* only became known to him when he spoke to the prison law library worker. Appellant maintains that the Commonwealth withheld this "favorable information" from him in violation of *Brady v. Maryland*, 83 S.Ct. 1194 (1963) (holding that the prosecution has a constitutional duty to disclose to the defense material, exculpatory evidence), and based on these facts, he has met the exceptions of section 9545(b)(1)(i) and (ii).

Appellant makes no attempt to explain how the 'new fact' of the defect in his arrest warrant could not have been discovered earlier with the exercise of due diligence. Appellant does not indicate when he came into possession of the arrest warrant or why he (or any of his prior attorneys) could not have discovered the apparent defect in the warrant earlier. While he contends "that [a] lack of 'due diligence' is not a bar to relief for a *Brady*[] violation[,]" he cites only a federal case in support of that claim. Appellant's Brief at 8 (citing *Amado v. Gonzalez*, 758 F.3d 1119 (9th Cir.

2014)). Even if **Amado** stands for the principal espoused by Appellant, this Court is "not bound by the decisions of federal intermediate appellate court panels." **Cellucci v. General Motors Corp.**, 676 A.2d 253, 255 n.1 (Pa. Super. 1996) (citations omitted). It is clear, under the case law of this Commonwealth, that a **Brady** claim can only meet the timeliness exceptions pled by Appellant, *i.e.*, section 9545(b)(1)(i) or (ii), if the petitioner proves that the information on which his claim is based could not have been discovered or obtained earlier with the exercise of due diligence.[1] Appellant has failed to meet this burden. Accordingly, even if his claims had been preserved below, we would conclude that Appellant has not proven the applicability of any timeliness exception, and the PCRA court did not err in denying his petition.

Order affirmed.

---

[1] **See Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (stating that, "[a]lthough a **Brady** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and **the information could not have been obtained earlier with the exercise of due diligence**") (emphasis added); **see also id.** (stating that the exception of section 9545(b)(1)(ii) "requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, **nor could they have been ascertained by due diligence**") (emphasis added).

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 6/22/2016